T.C. Memo. 1997-254


UNITED STATES TAX COURT


SITA G. AND MANGALORE KRISHNA, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19894-95.                    Filed June 9, 1997.


Sita G. Krishna and Mangalore Krishna, pro sese.

<u>Mary Ann Amodeo</u> and <u>Steven D. Tillem</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

WELLS, <u>Judge</u>:  Respondent determined a deficiency of $22,396
in petitioners' 1991 Federal income tax and an addition to tax
pursuant to section 6651(a)(1) of $1,180.

Unless otherwise indicated, all section and Code references
are to the Internal Revenue Code in effect for the year in issue,

and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions,[1] the issues to be decided are as follows:

1. Whether petitioners are entitled to deduct certain expenses related to petitioner's medical practice that were not claimed on petitioners' return;

2. whether petitioners are liable for the self-employment tax pursuant to section 1401(b) in the amount of $1,240;

3. whether petitioners are entitled to a rental loss deduction in the amount of $23,576; and

4. whether petitioners are entitled to itemized deductions in the amount of $1,372.

FINDINGS OF FACT

Some of the facts have been stipulated for trial pursuant to Rule 91. The parties' stipulations of fact are incorporated herein by reference and are found as facts in the instant case.

---

[1] In the notice of deficiency, respondent determined that petitioners had unreported income from certain sources in the amount of $60,552. At the calendar call in the instant case, petitioner Mangalore G. Krishna stated, "We don't have any objections to the amounts in question as far as the income." Accordingly, we consider the unreported income amounts to have been conceded.

Additionally, in the notice of deficiency, respondent determined that petitioners were liable for an addition to tax pursuant to sec. 6651(a)(1) for failure to file timely their 1991 income tax return. At trial, petitioner Sita G. Krishna conceded the sec. 6651(a)(1) addition to tax.

Respondent conceded that petitioners are entitled to a withholding tax credit in the amount of $2,496, which was not included in the notice of deficiency.

- 3 -

At the time they filed their petition in the instant case, petitioners resided in Staten Island, New York.  Petitioner Sita G. Krishna (petitioner) is a medical doctor.

During taxable year 1991, petitioners received additional income in the amount of $60,552 that they failed to report on their Federal income tax return.

Petitioners filed their Federal income tax return for taxable year 1991 on April 21, 1994.

OPINION

The first issue we must decide is whether petitioners are entitled to deduct certain expenses related to petitioner's medical practice that were not claimed on petitioners' return. At trial, petitioner testified that she conducted a private medical practice at 1288 Victory Boulevard.  The property at that location was included as a rental property on petitioners' Schedule E.  On their return, petitioners claimed no Schedule C deductions related to petitioner's medical practice.  At trial, however, petitioners sought deductions for certain expenses related to petitioner's medical practice.

Taxpayers are required to maintain records that are sufficient to enable the Commissioner to determine their correct tax liability.  See Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965); sec. 6001; sec. 1.6001-1(a), Income Tax Regs. Additionally, a taxpayer who claims a deduction bears the burden of substantiating the amount and purpose of the item claimed.

Hradesky v. Commissioner, 65 T.C. 87, 90 (1975) affd. per curiam 540 F.2d 821 (5th Cir. 1986); sec. 1.6001-1(a), Income Tax Regs.

At trial, petitioners introduced no evidence to substantiate the amount or the purpose of the deductions that they claimed. Consequently, we conclude that petitioners have not met their burden of substantiating the amount and purpose of the deductions claimed. Rule 142(a).

The next issue to be decided is whether petitioners are liable for the self-employment tax pursuant to section 1401(b) in the amount of $1,240. In the notice of deficiency, respondent determined that petitioner's unreported income in the amount of $46,311 constituted earnings from self-employment that were subject to the self-employment tax in the amount of $1,240. Petitioners bear the burden of proving that respondent's determination is erroneous. Rule 142(a).

In their reply brief, petitioners argue that petitioner's earnings are not subject to the self-employment tax. For purposes of the self-employment tax, the term "net earnings from self-employment" is the gross income derived by an individual from any trade or business carried on by such individual, reduced by, inter alia, the deductions attributable to such trade or business. Sec. 1402(a). Relying on the sources of petitioner's earnings set forth in the notice of deficiency, petitioners contend that petitioner was not self-employed. We conclude, however, that petitioners have not established that petitioner's

earnings were not "net earnings from self-employment" within the meaning of section 1402(a) and, therefore, have not met their burden of proof. Rule 142(a). Accordingly, we sustain respondent's determination of the self-employment tax in the amount of $1,240.

Finally, in the notice of deficiency, after including unreported income in the amount of $60,552 in petitioners' gross income and allowing a self-employment tax deduction in the amount of $620, respondent made computational adjustments to the amounts allowed for deductions for passive activity losses from rental real estate and for itemized deductions. As a result, respondent determined that petitioners' rental loss should be disallowed to the extent of $23,576 and that petitioners' itemized deductions should be disallowed to the extent of $1,372.

As petitioners conceded that they have additional income in the amount of $60,552 and petitioners are entitled to a self-employment tax deduction in the amount of $620 pursuant to section 164(f)(1), respondent's computational adjustments to the amounts allowed for deductions for passive activity losses from rental real estate and for itemized deductions must be sustained.

We have considered all of petitioners' remaining arguments and find them to be without merit.

To reflect the foregoing,

Decision will be entered

under Rule 155.